UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURIE BOYER,<br><br>and<br><br>PATRICIA SUSAN BOYER,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT BROTHERS INVESTMENT CORPORATION, *d/b/a Waterways Apartments of Lake St. Louis*,<br><br>Defendant. | Case No.:_TBD<br><br><br><br>*JURY TRIAL DEMANDED* |

## COMPLAINT

Plaintiffs Laurie Boyer and Patricia Susan Boyer (collectively "the Boyers"), through counsel, for their Complaint against Defendant Scott Brothers Investment Corporation ("Scott Brothers") allege:

## INTRODUCTION

1. Laurie Boyer is a 23 year-old young woman with Post Traumatic Stress Disorder, anxiety, depression, and other physical and mental disabilities. Her medical providers prescribed a service and companion dog as a means of therapeutic treatment and to cope with life.

2. Notwithstanding its knowledge of this prescription, Scott Brothers has discriminated against Laurie, retaliated against her and her mother, and failed to accommodate the reasonable service animal request. Scott Brothers has likewise inquired into her disability in manner that violates federal fair housing laws.

1

3.     As discussed below, Scott Brothers' actions amount to discrimination on the basis of disability, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq* (the "FHA").

## JURISDICTION, VENUE, AND PARTIES

4.     Laurie Boyer is a citizen and resident of the State of Missouri. She has been diagnosed with, among others, Post Traumatic Stress Disorder, agoraphobia, severe anxiety disorder, and depression. She suffers from several mental, emotional, and physical disabilities.

5.     Laurie has "handicaps" as that term is defined by the Fair Housing Act, 42 U.S.C. § 3602(h).

6.     Laurie lives with her mother, Patricia Susan Boyer, at 15102 Huzzah Drive, Lake Saint Louis, Missouri 63367 (the "apartment"), which is part of the Waterways Apartments of Lake St. Louis, managed by Defendant Scott Brothers.

7.     Patricia Susan Boyer is a resident of the apartment. She has been very involved in Laurie's care since the onset of her disabilities.

8.     Defendant Scott Brothers is a Florida corporation, authorized to do business in Missouri, and doing business within the Eastern District of Missouri. Scott Brothers may be served at the office of its registered agent, Joe H. Scott Jr., at 1575 Woodson Road, Saint Louis, Missouri 63114.

9.     Scott Brothers offers "dwellings" for rent within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

10.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the federal claims.

11.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the unlawful events giving rise to Plaintiffs' claims occurred in the Eastern District of Missouri, and Defendant transacts business in this District.

12.     This Court has personal jurisdiction over Scott Brothers because it conducts business in this District, entered the lease at issue within this District, and committed tortious acts within this District.

## FACTUAL ALLEGATIONS

13.     Laurie and Patricia Boyer have lived in the apartment since January 3, 2011.

14.     When applying for the lease, Laurie requested a reasonable accommodation from Scott Brothers. Laurie informed Scott Brothers that she has a doctor-prescribed service and companion animal. Laurie's dog calms her and is individually trained to provide seizure alert services. Laurie needs her service animal for emotional support and seizure alert-related tasks.

15.     When Scott Brothers then drafted the lease (the "Lease Agreement"), it identified Laurie's three pet cats, but did not identify the service dog. *Exhibit 1 at Pet Responsibility Addendum*. Scott Brothers then charged the Boyers additional rent and deposits for three pets.

16.     Scott Brothers' *stated* policy is to not consider service or assistance animals in connection with its pet policy. According to the Lease Agreement, "[a]nimals used for disability are not considered under [the pet] policy." *Id.*

17.     Soon after the Boyers moved in to the apartment, the tenants directly above the apartment began to engage in unreasonable conduct including smoking against municipal law and apartment-wide policy, urinating off the deck, and throwing lit cigarette butts on Laurie from the deck above. Additionally, acrid smells and fumes emanated from the upstairs tenant apartment.

3

18. Upon information and belief, the tenants were using their apartment to manufacture methamphetamine. Upon information and belief, Scott Brothers knew this. Patricia Susan Boyer reported to authorities her suspicion of methamphetamine production in the upstairs apartment. Scott Brothers knew that Boyer complained to authorities. Under Mo. Rev. Stat. § 441.236, Scott Brothers has a duty to report to all future tenants of that Waterways apartment any prior knowledge of methamphetamine production in the apartment.

19. Patricia Susan Boyer also complained to Scott Brothers about the nuisance, and explained that the fumes and smoke were extremely irritable to Laurie's service dog.

20. In retaliation, Scott Brother first began to make inquiry and ask questions about the service dog (which had previously been disclosed) and demanded medical records of Laurie Boyer to prove that she had a disability.

21. Despite the fact that the FHA prohibits the inquiry made by Scott Brothers, the Boyers offered to provide a doctor's letter if Scott Brothers would agree to keep the records confidential.

22. Rather than agree to keep Laurie Boyer's sensitive private health information confidential, Scott Brothers used its attorney to send a "termination" letter. As ostensible cause for termination, Scott Brothers claimed that the Boyers had an "unauthorized pet."

23. For each act and omission alleged herein, Scott Brothers agents were acting in the course and scope of his or her actual or apparent authority conferred by Scott Brothers.

24. Scott Brothers knew that Laurie has disabilities and acted intentionally, maliciously, wantonly, recklessly, and in bad faith as described herein. On that basis, the Boyers are entitled to recover punitive damages in an amount to be determined by a jury.

25. The Boyers have suffered, and are continuing to suffer, damages as a result of Scott Brothers' actions. Scott Brothers has intruded into Plaintiffs' private affairs, deprived them of the use and enjoyment of their tenancy, and deprived them of the opportunity to remain peaceably alone, secure in their 13 month tenancy, without discrimination, without retaliatory threats of "termination," and without making reasonable accommodations.

26. As a proximate result of Scott Brothers' conduct, the Boyers have suffered, are continuing to suffer, and will in the future suffer irreparable loss and injury, including without limitation, humiliation, embarrassment, emotional and physical distress, and a deprivation of their rights to equal housing opportunity.

27. As a consequence of Scott Brother's actions and the Boyer's apprehensions about their motives, they lost sleep, experienced sustained and heightened anxiety with physical manifestations thereof, as well as embarrassment and humiliation at the attempted deprivation of Laurie's support and service animal.

28. The Boyers have no adequate remedy at law. They are now and will continue to suffer irreparable injury from Scott Brothers' acts and its pattern or practice of discrimination on the basis of disability, unless relief is provided by this Court.

29. There now exists an actual controversy between the parties regarding Scott Brothers' duties.

## COUNT I

## SCOTT BROTHERS' VIOLATION OF THE FAIR HOUSING ACT
## (42 U.S.C. § 3604 *et seq.*)

30. Plaintiffs incorporate by reference the allegations of paragraphs 1-29.

31. Laurie has a "handicap" within the meaning of the FHA because she has impairments which substantially limit one or more major life activities.

5

32. By virtue of her relationship with Laurie and as a tenant, Patricia Susan Boyer has suffered injuries because of Scott Brothers' discriminatory acts.

33. Scott Brothers knew, or reasonably should have known, that Laurie Boyer was a person with a handicap.

34. Scott Brothers violated the FHA by:

   a. Discriminating in the sale and/or rental of, or otherwise making unavailable, a dwelling because of handicap, in violation of 42 U.S.C. §3604(f)(1);

   b. Discriminating in the terms, conditions, or privileges of a sale and/or a rental of a dwelling because of a handicap, in violation of 42 U.S.C. §3604(f)(2);

   c. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Laurie equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. §3604(f)(3)(b);

   d. Providing a hostile housing environment;

   e. Intimidating, coercing, threatening and interfering with the Boyers' advocacy of disability rights and exercise and enjoyment of the right to maintain confidentiality with respect to personal, protected health information;

   f. Enforcing a no unauthorized pet rule on a service and companion animal;

   g. Enforcing no unauthorized pet rule after authorizing 3 pets, at a time when only two animals occupied the apartment;

   h. Retaliating against the Boyers for complaining about unlawful activities and unreasonable conduct, and its impact on their service and companion animal; and

       i.   Making and unlawful inquiry to determine whether Laurie Boyer had a handicap, and the nature and severity of the handicap.

35.    As a direct and proximate result of Scott Brothers' conduct, the Boyers have been, and continue to be, damaged.

## COUNT II
## SCOTT BROTHERS' NEGLIGENCE

36.    Plaintiffs incorporate by reference the allegations of paragraphs 1-29.

37.    Scott Brothers owed the Boyers a duty to operate the housing program at Waterways apartments in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline its employees and agents to fulfill that duty.

38.    Scott Brothers negligently breached that duty by discriminating against the Boyers on account of Laurie's disability and exercise of well-established federal and state rights. Specifically, Scott Brothers breached its duty in the following non-limiting ways:

       a.   Failing to properly train employees and agents regarding federal and state housing discrimination laws;

       b.   Failing to hire person who were familiar with and capable of adhering to federal and state housing discrimination laws; and

       c.   Failing to discipline or terminate employees who did not comply with the federal and state fair housing laws.

39.    As a direct and proximate result of Scott Brothers' breaches of duty, Plaintiffs have suffered mental anguish and emotional distress, along with attendant physical injuries and conditions.

## PRAYER FOR RELIEF

7

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Scott Brothers as follows:

A. Enter a declaration that Scott Brothers violated the FHA in the following ways:

    1. Discriminating against Plaintiffs because of disability;

    2. Retaliating against Plaintiffs because of disability;

    3. Failing to make reasonable accommodations because of disability;

    4. Making unlawful inquiry to determine whether Laurie Boyer had a disability, and the nature and severity of the handicap.

B. Enter an injunction prohibiting Scott Brothers from further violations of the fair housing laws stated herein, as to Plaintiffs;

C. Award Plaintiffs actual damages;

D. Award Plaintiffs statutory and punitive damages pursuant to 42 U.S.C. § 3613(c)(1);

E. Order Scott Brothers to pay all costs and attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2);

F. Grant Plaintiffs such further relief as deemed appropriate.

Dated: July 5, 2011                                        Respectfully submitted,

/s/ *Andrew W. Kuhlmann*
Andrew W. Kuhlmann #6294407IL
**KUHLMANN LLC**
1926 Chouteau Avenue
Saint Louis, Missouri 63103
Telephone: (314) 621-3267
Facsimile: (314) 627-5970
*andrew@kuhlmannfirm.com*

8