UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURIE BOYER | ) |
| | ) |
| and | ) |
| | ) CASENO: 4:11CV01173 HEA |
| PATRICIA SUSAN BOYER | ) |
| | ) |
| Plaintiffs. | ) |
| v. | ) |
| | ) |
| SCOTT BROTHERS INVESTMENT | ) |
| CORPORATION, *d/b/a Waterways* | ) |
| *Apartments of Lake St. Louis.* | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

COMES NOW Defendant, and requests that this court deny Plaintiff's Motion for a Temporary Restraining Order. In support, Defendant responds to Plaintiff's allegations as follows:

1.     The court shall not grant a preliminary injunction (or TRO) unless the party seeking relief demonstrates that they are likely to suffer immediate and irreparable harm. FPP §2948.

2.     An injunction is a harsh remedy and is to be granted by a court only when the right to an injunction is clearly established; it should never be granted on doubtful proof. The remedy of an injunction has been characterized as the strong arm of equity, and as a summary, transcendent and extraordinary remedy, not to be invoked as a matter of course but to be exercised sparingly and only in clear cases.

3.      The four most important factors a court considers on a motion for preliminary injunction are: (1) the threat of irreparable harm if the preliminary injunction is not granted; (2) the balance of hardships to the parties; (3) the probability of success on the merits; and (4) the public interest. FPP §2948.

4.      If a trial on the merits can be conducted before the injury would occur there is no need for interlocutory relief. FPP §2948.1.

5.      Plaintiff claims irreparable harm from eviction, but a trial on the merits of Defendant's Unlawful Detainer case against Plaintiff is currently pending in the Associate Circuit Court of the County of St. Charles. Therefore Plaintiff has not suffered injury which would necessitate a temporary restraining order.

6.      The real issue to be decided is whether Plaintiffs have violated their lease with Defendant by creating a nuisance and other violations of their lease agreement with Defendant OR by maintaining an unauthorized pet.

7.      Plaintiffs' allegations and request for a temporary restraining order completely ignore the fact that one of Defendant's claims involves the harassment of other residents.

8.      Plaintiffs will have the opportunity to prove they have not violated their lease by presenting whatever evidence they deem necessary before the proper jurisdiction of the Associate Circuit Court of the County of St. Charles.

WHEREFORE, Defendant respectfully requests this Court deny Plaintiffs' Motion, at Plaintiffs' costs, pay Defendant's reasonable attorney's fees, and for any other relief as this Court deems just and proper.

Respectfully submitted,
KRUSE, REINKER, & HAMILTON, L.L.C.


_____/S/Randall J. Reinker_____
Randall J. Reinker, #4150
Attorney for Plaintiffs
2016 S. Big Bend Blvd.
St. Louis, Missouri 63117
(314) 333-4140; Facsimile: (314) 754-2621
randallr@krhlawfirm.com
seano@krhlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing entry of Appearance was served by prepaid U.S. Mail on all parties of record in this cause, on this 19th day of August, 2011.


_____/S/Randall J. Reinker_____