UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURIE BOYER, *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>SCOTT BROTHERS INVESTMENT CORPORATION, *d/b/a Waterways Apartments of Lake St. Louis*,<br><br>    Defendant. | Case No.: 4:11CV01173 HEA<br><br>*JURY TRIAL DEMANDED* |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Through attorney argument and unsupported facts outside the Complaint, Defendant Scott Brothers Investment Corporation ("Scott Brothers") seeks dismissal of the Complaint. Scott Brothers admits that it was aware of the service and support dog. *Doc. 12, p.1, ¶1*. Scott Brothers also told Plaintiffs that they would not be charged additional rent for the service animal. *Id., ¶2*. Three months later, however, Scott Brothers claims it demanded a "doctor's note." *Id., p.2, ¶5*. Scott Brothers contends it then wanted to "open a dialogue" about Laurie Boyer's disabilities. *Id., ¶6*.

Scott Brothers makes no argument to support dismissal of Count II, a state law claim for negligence. Scott Brothers, moreover, only challenges two of the many Fair Housing Act (FHA) violations set out in the Complaint. *Doc. 1, ¶34, a-i*. Scott Brothers only challenges (1) the failure to make a reasonable accommodation claim, and (2) the claim that Scott Brothers made an impermissible disability inquiry. As a result, the Court should deny Scott Brothers' motion as to all other claims, including the discrimination claims, the hostile housing environment claims, the intimidation and coercion claims, and the retaliation claims. Yet, for reasons that follow, Scott Brothers asserted arguments fail too. The motion to dismiss must be denied.

1

**ARGUMENT**

The Court is "bound to accept as true, for purposes of [a Rule 12(b)(6) ] motion, the facts alleged by the plaintiff." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 365 (8th Cir. 2011). The facts alleged in the Complaint are sufficient to state the asserted claims.

I. **PLAINTIFFS' CLAIMS FOR DAMAGES ARE RIPE AND OTHERWISE JUSTICIABLE.**

Scott Brothers states that Plaintiff's FHA claims are "solely grounded in state law." *Doc. 12, p. 3*. The FHA claims, however, are federal question claims. Scott Brothers' contention that the St. Charles Associate Circuit Court is the "proper jurisdiction" for Plaintiffs' claims fails because such FHA issues, facts, and the counterclaim itself are precluded in that jurisdiction:

> The argument ignores the special summary nature of unlawful detainer proceedings. The unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceedings of other civil actions do not apply. *McIlvain v. Kavorinos,* 358 Mo. 1153, 1157, 219 S.W.2d 349, 351 (banc 1949); *McNeill v. McNeill,* 456 S.W.2d 800, 807 (Mo.App.1970). The sole issue is the immediate right of possession. *F.A. Sander Real Estate & Inv. Co. v. Warner,* 205 S.W.2d 283, 288 (Mo.App.1947). [] It is generally held that counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. *Wilson v. Teale,* 88 S.W.2d 422, 423 (Mo.App.1935). Missouri statutes do not so permit.

*Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo. App. E.D. 1983). *See also Cent. Bank of Kansas City v. Mika*, 36 S.W.3d 772, 774 (Mo. App. W.D. 2001) (retaliatory eviction counterclaim precluded).

Scott Brothers also argues that Plaintiffs have not suffered "injury or actual discrimination" because they have not yet been forced out of their home by the Sheriff of St. Charles County. Yet, as Scott Brothers alleged in the unlawful detainer action, it has effected a "termination of [the] lease." *Doc. 6-5*. Regardless, the FHA does not require the use of such process to state a claim. 42 U.S.C § 3604 prohibits an unlawful denial, making unavailable, or discrimination. 42 U.S.C. § 3617 further makes it "unlawful to coerce, intimidate, threaten, or

2

interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment." In addition, the Eighth Circuit recognizes hostile housing environment claims, which, by their nature, do not require actual dispossession of the property. *See Quigley v. Winter*, 598 F.3d 938, 946-47 (8th Cir. 2010). Plaintiffs likewise request declaratory and injunctive relief. *Doc. 1, Prayer for Relief*. While it is true that actual eviction will add to the Plaintiffs' damages, it is not necessary for an actual, live controversy.

Scott Brothers also makes a conclusory argument that Plaintiff Patricia Susan Boyer is not entitled to relief. Patricia Susan Boyer is a person "associated" with a renter with a disability. Patricia Susan Boyer is being subjected to a possible eviction because of her daughter's disability-related service and support animal. Plaintiffs properly pleaded Susan Boyer's claims. *See Doc. 1, ¶¶7.32*.

Finally, Scott Brothers believes that this lawsuit is "merely retaliation" for the unlawful detainer action. Unsupported allegations of "retaliation" are not a recognized basis for dismissal under Fed. R. Civ. P. 12(b)(6). In any event, both actions were filed on the same day.

## II.     PLAINTIFFS ADEQUATELY PLEADED THAT LAURIE BOYER HAS 'HANDICAPS' UNDER THE FHA.

Scott Brothers next argues that Laurie Boyer "does not meet the requirements" of having a handicap or disability. Scott Brothers also complains that Laurie Boyer has "failed to prove" that her disabilities substantially impair one or more major life activities. Under the FHA, a "handicap" means, with respect to a person, (1) a physical or mental impairment which substantially limits one or major life activities; (2) a record of such an impairment; or (3) being regarded as having such impairment. 42 U.S.C. § 3602(h).

3

The Complaint alleges that Laurie Boyer has been diagnosed with Post Traumatic Stress Disorder, severe anxiety, depression, agoraphobia, and other disabilities, which substantially limit one or more major life activities. *Doc. 1, ¶¶ 1,4,14,31*. Taking the facts alleged as true, Plaintiffs alleged Laurie Boyer's "handicaps."

### III. PLAINTIFFS PROPERLY STATED A CLAIM FOR IMPERMISSIBLE DISABILITY INQUIRY UNDER THE FHA.

Scott Brothers argues that Plaintiffs cannot state a claim for impermissible disability inquiry under the FHA by citing a rule applicable to requests for reasonable accommodations in the public housing context. Setting aside whether the rules for public housing should also be imputed to a claim in private housing, there are federal regulations prohibiting the *discrimination* claim alleged here, regardless of the reasonable accommodation claim:

> It shall be unlawful to make an inquiry to determine whether an applicant for a dwelling, a person intending to reside in that dwelling after it is so sold, rented or made available, or any person associated with that person, has a handicap or to make inquiry as to the nature or severity of a handicap of such a person.[1]

24 C.F.R. § 100.202(c). Here, Scott Brothers admits that, "[b]ecause Plaintiff's disabilities are not obvious, Defendants reasonably requested a doctor's note in order to accommodate Plaintiffs' requests." *Doc. 12, p.1, ¶2*. Stated differently, Scott Brothers inquired whether the applicant had a disability. In reality, a reasonable accommodation or inquiry was not even *necessary*, because Plaintiffs alleged that Scott Brothers' policy was that "[a]nimals used for disability are not considered under [the pet] policy." *Doc. 1, ¶16.* In other words, Plaintiffs were not asking that Scott Brothers make an exception to their policy—the policy itself was that such animals "are not considered."

---

[1] There are five exceptions to this rule, inapplicable here. Defendant's inquiry did not touch on Plaintiffs' ability to meet the requirements of tenancy, the dwelling was not available *only* to disabled persons, there were no other possible tenants who could have had priority for the dwelling, and the inquiry was not related to drug use. 24 C.F.R. § 100.202(c)(1-5).

4

In any event, the violation of 24 C.F.R. § 100.202(c) is but one of several FHA claims asserted.

## IV. PLAINTIFFS ADEQUATELY PLEADED THAT THE SERVICE AND SUPPORT ANIMAL IS NOT A 'PET.'

Plaintiffs properly pleaded that the animal at issue is a service and companion animal. *Doc. 1, ¶14*. Scott Brothers' attorney argues that as a matter of fact the dog is "one of these other types of dogs," claiming that Plaintiffs have "refused" to state "what tasks the dog can perform." *Doc. 12, pps. 8, 12*. Scott Brothers then relies on service animal definitions under other statutes, such as Missouri statutes and the Americans with Disabilities Act (which regulates public accommodations).

At the same time, Scott Brothers admits that all that is required is that the animal be "necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling." Under FHA regulations, "[s]uch animals are defined to include those 'providing emotional support to persons who have a disability related need for such support.'"" *Overlook Mut. Homes, inc. v. Spencer,* 666 F.Supp.2d 850,859 (S.D. Ohio 2009) (citing 73 F.R. 83834). The Complaint satisfies this requirement by alleging that "Laurie needs her service animal for emotional support and seizure alert-related tasks." *Doc. 1, ¶14*. Further, Plaintiffs alleged that the dog allows Laurie to "cope with life." *Id., ¶1*. Taking the allegations, and permissible inferences therefrom as true, Plaintiffs adequately alleged that the service and companion animal is necessary to afford an equal opportunity to enjoy the dwelling or otherwise cope with life.

## CONCLUSION

Plaintiffs respectfully request that the Court deny the Motion to Dismiss, and grant such further relief as deemed appropriate.

Dated: August 21, 2011                          Respectfully submitted,


                                                /s/ *Andrew W. Kuhlmann*
                                                Andrew W. Kuhlmann #6294407IL
                                                **KUHLMANN LLC**
                                                1926 Chouteau Avenue
                                                Saint Louis, Missouri 63103
                                                Telephone: (314) 621-3267
                                                Facsimile: (314) 627-5970
                                                andrew@kuhlmannfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2011 I electronically filed the foregoing, which was served through ECF on all attorneys of record.


                                                /s/ *Andrew W. Kuhlmann*