UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURIE BOYER )
 )
and )
 ) CASENO: 4:11CV01173 HEA
PATRICIA SUSAN BOYER )
 )
    Plaintiffs, )
v. )
 )
SCOTT BROTHERS INVESTMENT )
CORPORATION, *d/b/a Waterways* )
*Apartments of Lake St. Louis*. )
 )
    Defendant. )

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, by and through counsel, and for its Memorandum in Support of Defendant's Motion for Summary Judgment, states to the Court as follows:

Plaintiffs have failed to bring a claim or show a material issue of fact in response to Defendant's Answer or Affirmative Defenses. Furthermore, Plaintiffs will not be able to raise any defenses or assert an issue of fact that would defeat this request for Summary Judgment. Therefore, Defendants ask this Court to grant its Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARDS

Rule 74.04 of the Missouri Rules of Civil Procedure state that a Motion for Summary Judgment should be granted if "there is no genuine issue as to any material fact". Defendant meets the above standard for summary judgment and respectfully requests this court grant summary judgment in Defendant's favor.

## DISCUSSION

### A. Plaintiffs have failed to state a claim for which relief may be granted. Namely, Patricia and Laurie Boyer are not disabled.

Plaintiff Patricia Boyer has failed to state a claim for which relief may be granted. Patricia Boyer is not disabled or handicapped, and therefore cannot suffer from discrimination for those reasons. Plaintiffs' Petition is completely void of any information that would suggest that Patricia Boyer has any claim for discrimination, other than being the mother of Laurie Boyer.

Patricia Laurie Boyer also fails to state a claim for which relief may be granted. Laurie Boyer is not disabled as defined by the FHA. The FHA clearly notes that having a physical or mental disability is NOT the same as being disabled under the FHA. Specifically, the FHA defines handicap (or disability) to include "(1) individuals with a physical or mental impairment that substantially limits one or more major life activities; (2) individuals who are regarded as having such an impairment; and (3) individuals with a record of such impairment." *42 USC 3602(h)*.

The FHA and American with Disabilities Act defines "major life activities" to mean functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Joint Statement of the Department of Housing and Urban Development and the Department of Justice: Reasonable Accommodations under the Fair Housing Act. (2004)*. For additional discussion, also See *Rose v. Springfield-Greene County Health Department, 668 F.Supp.2d 1206, 1212-13* (Mo. App. W.D. 2009). The court in *Cooper v. Olin Corp.* adds "as well as sitting, standing, lifting, and reaching…" to the definition of major life activities. 246 F.3d 1083, 1088. (8th Cir. 2001).

Plaintiff Laurie Boyer fails to meet the requirements of criteria (1). Plaintiffs' Petition lists Post-Traumatic Stress Disorder, anxiety, depression, and other unnamed physical and mental disabilities. However, Plaintiffs has provided no proof that the listed impairments "substantially limits one or more major life activities" as defined by HUD and the DOJ.

Plaintiff's claimed impairments are not obvious to Defendant. These impairments have not manifested themselves to the point where Defendant knew or should have known of Plaintiff's claimed disabilities as provided by requirement (2). Courts and the Department of Justice suggest that disabilities which qualify as obvious impairments are those which require something like the full-time use of a wheelchair or arm braces. Plaintiff's wheelchair usage began after the filing of this matter and is not supported by the listed medical conditions in Plaintiffs' Petition.

Plaintiffs have not provided Defendant with any record of impairment as provided by requirement (3) and as evidenced by such things as a doctor's note.

Therefore, Plaintiffs cannot claim to be disabled under the FHA because the Plaintiffs have failed to prove that her claimed disabilities substantially impair her major life activities. Plaintiffs have also failed to prove that the Defendant knew or should have known about her non-obvious disabilities.

Plaintiffs' claims for Negligence, Breach of Contract, and for overpaying pet rent were litigated fully and fairly in Cause No. 1211-AC00396, which was the proper venue for a landlord-tenant action in the County of St. Charles. Plaintiffs' claims here are barred by estoppel.

**B. Plaintiffs claim that a landlord requesting additional information to evaluate the necessity of a request for a reasonable accommodation is a violation of the FHA or otherwise discriminatory is not supported by the FHA or subsequent case law.**

Plaintiffs Petition in paragraphs 19-21 alleges that Defendant has violated the FHA by merely requesting information regarding the nature and training of Plaintiff's claimed "service" dog. Plaintiffs' Petition misstates the FHA's position on information requests.

Normally, a housing provider cannot request information regarding the nature or severity of an individual's disability. *Joint Statement of the Department of Housing and Urban Development and the Department of Justice: Reasonable Accommodations under the Fair Housing Act. (2004)*

However, "housing providers are entitled to verify the existence of the disability, and the need for the accommodation— if either is not readily apparent. Accordingly, persons who are seeking a reasonable accommodation for an emotional support animal may be required to provide documentation from a physician, psychiatrist, social worker, or other mental health professional that the animal provides support that alleviates at least one of the identified symptoms or effects of the existing disability." *Department of Housing and Urban Development, Pet Ownership for the Elderly and Persons with Disabilities; Final Rule, 24 CFR Part 5 (2008)*

"[I]n response to a request for reasonable accommodation, a housing provider may request reliable disability-related information that (1) is necessary to verify that the person meets the Act's definition of disability[1], (2) describes the needed accommodation, and (3) shows the relationship between the person's disability and the need for the requested accommodation." *Joint Statement of the Department of Housing and Urban Development and the Department of Justice: Reasonable Accommodations under the Fair Housing Act. (2004)*

The Department of Housing and Urban Development (HUD) provides a sample doctor's letter that is sufficient to satisfy any request for information regarding a reasonable accommodation. The Sample Letter is attached as Exhibit B.

---

[1] (*i.e.*, has a physical or mental impairment that substantially limits one or more major life activities)

Defendant was attempting to open a reasonable and permissible dialogue to evaluate the reasonableness of Plaintiffs' requested accommodations. Defendant's request was not intrusive, burdensome, or unreasonable. A doctor's note or any verification of the need for reasonable accommodation was requested. Defendant would have provided accommodations if *any* reliable disability-related information was provided.

Plaintiffs refused and failed to provide any of the requested information.

It was not until after Plaintiffs filed their Petition and Motion for a Temporary Restraining Order did Plaintiffs actually provide Defendants with a healthcare provider's note. This note, provided after this litigation was commenced, appears to be authentic and would have satisfied Defendant's reasonable requests.

Defendant could not provide reasonable accommodation without the requested information. Allowing anyone to claim "service dog" status for their pets without some verification would defeat Defendant's legitimate interest in maintaining their reasonable pet policy and is not required by the FHA.

Defendant has fully complied with the FHA requirements, and therefore Plaintiffs' claims should be dismissed for failure to state a claim.

### C. Plaintiffs' dog is not a "service animal" or "assistance animal" as defined and protected under the FHA.

Plaintiffs have claimed that their dog is a service animal under the protection of the Fair Housing Act. However, Plaintiffs have provided no evidence that the animal is a trained service animal, or is able to do work or perform task to benefit a particular person with a disability. Defendant has no knowledge regarding the training, requirements, or need for accommodation of the animal.

Additionally, "under both the Fair Housing Act and Section 504, in order for a requested accommodation to qualify as a reasonable accommodation, the requester must have a disability, and the accommodation must be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling." *Department of Housing and Urban Development, Pet Ownership for the Elderly and Persons with Disabilities; Final Rule, 24 CFR Part 5 (2008)*. Plaintiffs has failed to show how the dog would afford her an "equal opportunity to use and enjoy" the dwelling.

To show that a requested accommodation may be necessary, there must be an identifiable relationship, or nexus, between the requested accommodation and the person's disability. Thus, in the case of assistance/service animals, an individual with a disability must demonstrate a nexus between his or her disability and the function the service animal provides. *Department of Housing and Urban Development, Pet Ownership for the Elderly and Persons with Disabilities; Final Rule, 24 CFR Part 5 (2008)*.

Courts have consistently held that a tenant requesting an emotional support animal as a reasonable accommodation must demonstrate a relationship between his or her ability to function and the companionship of the animal. *See, e.g., Majors v. Housing Authority of the County of Dekalb*, 652 F.2d 454 (5th Cir. 1981); *Housing Authority of the City of New London v. Tarrant*, 1997 Conn. Super. LEXIS 120 (Conn. Super. Ct. Jan. 14, 1997); *Whittier Terrace v. Hampshire*, 532 N.E.2d 712 (Mass. App. Ct. 1989); *Durkee v. Staszak*, 636 N.Y.S.2d 880 (N.Y.App.Div. 1996); *Crossroads Apartments v. LeBoo*, 578 N.Y.S.2d 1004 (City Court of Rochester, N.Y. 1991). Plaintiffs has failed or refused to provide reasonable and reliable information that would confirm that the animal is anything other than a regular pet.

## CONCLUSION:

Plaintiffs do not offer any facts, claims, or defenses that would raise a "genuine issue of material fact" or state a claim for which relief may be granted. Additionally, Plaintiffs cannot dispute that Defendant is entitled to judgment as a matter of law. Therefore, Defendant prays that this Court grant its Motion for Summary Judgment on all of Plaintiffs' claims, and for such other relief as this Court deems just and proper.

Respectfully submitted,
KRUSE, REINKER, & HAMILTON, L.L.C.

_/S/Curtis J. Niewald_
Randall J. Reinker, #36994MO
Curtis J. Niewald, #64061MO
Attorneys for Plaintiffs
2016 S. Big Bend Blvd.
St. Louis, Missouri 63117
(314) 333-4140; Facsimile: (314) 754-2621
randallr@krhlawfirm.com
curtisn@krhlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing entry of Appearance was served by prepaid U.S. Mail on all parties of record in this cause, on this 20th day of July, 2012.

_/S/ Curtis J. Niewald_