UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NOV 1 2012

LAURIE BOYER
and PATRICIA SUSAN BOYER,
    Plaintiffs
V.
SCOTT BROTHERS INVESTMENT
CORPORATION, d/b/a Waterways
Apartments of Lake Saint Louis,
    Defendant

Case No.: 4:11CV01173HEA

## MOTION FOR DENIAL OR DISMISSAL OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Come now Plaintiffs Laurie Boyer and Patricia Boyer and move this Court to Deny or Dismiss Defendant's Motion for Summary Judgment, for the following reasons:

A. Defendant states that "Plaintiffs have failed to state a claim for which relief may be granted", stating "Patricia and Laurie Boyer are NOT disabled." HOWEVER, to the contrary:

1. <u>The Federal Government has deemed that Laurie Boyer is disabled.</u> The letter from the Federal Government stating such was presented to Waterways of Lake Saint Louis staff member (owner's agent) at the signing of the lease, from which the agent made a copy.

2. <u>Patricia Boyer is Sole Caretaker and Custodian of Laurie Boyer.</u> As Sole Caretaker, Patricia Boyer was also exposed to the discriminatory and retaliatory behavior of agents of the Defendants, such as twice attempting

-1-

eviction.

3. <u>Laurie Boyer is obviously disabled.</u> She used a cane during the process of obtaining the apartment, and then eventually a wheelchair prior to the first Eviction Hearing in State Court, at which Defendant's agent and attorney were present. Laurie Boyer used the cane and the wheelchair due to some of the conditions listed in the disability letter that was presented and copied.

4. <u>Laurie Boyer has impairments that limit major life activities.</u> She has difficulty caring for herself, performing manual tasks, walking, breathing, learning and working, as well as standing, reaching and lifting.

5. <u>Laurie Boyer is regarded as having such impairments and has a record of such impairments.</u> As stated, she presented her Federal Government letter to the Defendant's agent in the beginning. In State Court, the Defendants were also presented with <u>three</u> doctors' notes.

6. <u>Plaintiffs' claims have NOT been litigated fully in Cause No. 1211-AC00396.</u> Hearings continue, and Plaintiffs have filed claims with the United States District Court as a proper venue.

B. Defendant states that Plaintiffs' claim that a landlord requesting additional information to evaluate the necessity of a request for a reasonable accommodation is a violation of the FHA. HOWEVER:

-2-

1. Laurie Boyer's disability was readily apparent, and still she provided verification. Her disability was readily apparent when she used a cane when the Defendant's agent showed the apartment. She also expressed concerns to the agent about the plush carpet and her walking and balance problems. The Service Dog was present with a bright orange vest marked "SERVICE DOG" and "MEDICAL ALERT DOG." Patricia and Laurie Boyer even explained to the agent some of the ways in which the Service Dog is of service, for example, alerting to seizures. This same agent was present at the signing of the lease and made a copy of the disability letter, and the Service Dog was present as well.

2. Also in the application, Laurie Boyer wrote "Service Dog" under occupants, but was denied a copy of the application. A full application copy was NOT provided at the State Hearing, only a partial copy in which the Service Dog information was excluded.

3. Defendant's lease does not state that doctor's notes are required to prove the presence of a disability or the need for a Service Dog. It does, however, state that all lease requirements must be present in writing.

4. Defendant's agent began frequently verbally demanding doctor's notes AND eviction proceedings began after Patricia and Laurie Boyer reported to the State Hotline the presence of drug activity in the

-3-

<u>apartment above.</u>

C. Defendant states that Plaintiff's dog is not a "service animal" or assistance animal. HOWEVER:

1. <u>No written information was requested by the Defendant's agent or required by the lease</u> regarding the Service Dog and its training and purpose. As earlier stated, the Service Dog was present at the apartment showing and lease signing in a bright orange vest with the appropriate insignia. The Service Dog's function was discussed with the Defendant's agent, as well as level of training. The agent freely asked questions regarding the Service Dog, and the questions were answered. When the Service Dog was not listed by Laurie Boyer under "pet," no objection was made by the agent, even though the Service Dog was present.

2. <u>The Service Dog afforded Laurie Boyer "an equal opportunity to use and enjoy" the dwelling.</u> As Patricia Boyer explained to the property manager, one way in which the Service Dog did so was to alert Laurie to the presence of cigarette smoke in an apartment that was stated in the lease to be a non-smoking property (also Late Saint Louis Ordinance). Cigarette smoke causes her breathing problems and requires the use of a rescue inhaler, as was also explained.

3. <u>During the State Court hearing, the State Judge acknowledged that it is indeed a Service Dog.</u>

-4-

Therefore, there is definitely a claim for which relief may be granted to the Plaintiffs, and Plaintiffs request that Defendant's Motion for Summary Judgment be denied/dismissed.

Respectfully Submitted,

Laurie Boyer    11/16/2012
Laurie Boyer

Patricia Susan Boyer    11/16/2012
Patricia Susan Boyer

PO Box 4525
Chesterfield, MO 63006

<u>Certificate of Service</u>

Faxed on this 16th day of November 2012 to CurtisMenard.

Laurie Boyer
Laurie Boyer
Patricia Susan Boyer
Patricia Susan Boyer

NOV 16 2012
U.S. DISTRICT
EASTERN DISTRICT OF
ST. LOUIS

Clerks Office
US District Court
111 S. 10th St, Suite 3.300
St. Louis, MO 63102

Motion to be filed 11/16/2012