UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURIE BOYER and PATRICIA SUSAN BOYER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11CV1173 HEA ) |
| SCOTT BROTHERS INVESTMENT CORP., d/b/a Waterways Apartments of Lake St. Louis, | ) ) ) ) |
| Defendant. | ) |

## AMENDED OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 47]. Plaintiffs have filed an opposition to the Motion, however, they have not filed a separate statement of material facts to which they argue are in dispute. Defendant has replied to Plaintiffs' Opposition. For the reasons set forth below, the Motion is denied.

## Factual Background

Plaintiff brought this action alleging a violation of the Fair Housing Act, 42 U.S.C. § 3601, *et. seq.* by discriminating against Plaintiff Laurie, and retaliating against both Plaintiffs by exercising its discretion to terminate a lease agreement between Plaintiff Laurie and Defendant. Plaintiffs' Amended Complaint alleges that Plaintiff Laurie suffers from Post Traumatic Stress Disorder, anxiety,

depression, and other physical and mental disabilities.

Plaintiffs Amended Complaint alleges that when Plaintiff Laurie applied for the lease, she requested a reasonable accommodation from Defendant for her doctor prescribed service and companion animal. The lease was modified to include Plaintiffs' three pet cats, but said nothing about the service animal.

Further, Plaintiffs allege that soon after they moved into the apartment, the tenants directly above them began engaging in "unreasonable" conduct, including smoking against municipal law, urinating off the deck, throwing lit cigarette butts on Plaintiff Laurie from the deck above.  Plaintiffs also claim that acrid smells and fumes were emanating from above.  Plaintiff Susan complained to Defendant and explained that the fumes and smoke were affecting the service dog.

According to Plaintiffs, Defendant, in retaliation for their complaints, began asking questions about the dog and demanded medical records of Plaintiff Laurie to prove she had a disability.  Plaintiffs offered to provide a doctor's letter, if her information was kept confidential.  Defendant thereafter sent a "termination" letter, claimed that Plaintiffs were a safety threat to their neighbors, and began eviction proceedings.

Plaintiffs claim Defendant violated the Fair Housing Act; were negligent in failing to train personnel regarding federal and state housing discrimination laws

and in failing to hire persons familiar with discrimination laws and in failing to discipline or terminate employees who did not comply with the federal and state faire housing laws; and breached a covenant of good faith and fair dealing in exercising its discretion to terminate the lease.

## Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v.. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell,* 459 F.3d at 921. "The party opposing

summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.' " *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); " 'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir.2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995) (quotations omitted). *Putman v. Unity Health Sys.,* 348 F.3d 732, 733–34 (8th Cir.2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the

summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.' " *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); " 'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir.2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995) (quotations omitted). *Putman v. Unity Health Sys.,* 348 F.3d 732, 733–34 (8th Cir.2003). A party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the

jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Assocs. v. Jung* 422 F.3d 630, 638 (8th Cir.2005) Summary judgment is proper if a plaintiff fails to establish any element of the prima facie case. *Nesser v. Trans World Airlines, Inc.,* 160 F.3d 442, 444 (8th Cir.1998) (citing *Weber v. American Express Co.,* 994 F.2d 513, 515–16)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526–27(8th Cir.2007). Summary judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kan. City Mo. Sch.Dist.,* 437 F.3d 797, 801 (8th Cir.2006).

Defendant argues that Plaintiffs did not provide the proper documentation which it reasonably requested of Plaintiffs to substantiate Laurie's disability. However, the record at the point is completely devoid of any evidence[1] of any request by Defendant to verify Plaintiff Laurie's request for her service dog. Moreover, Defendant's statement of facts fails to detail with reliable, admissible

---

[1] Defendant's Memorandum in Support of its Motion claims that the letter to Plaintiffs was attached to the Memorandum, however, no exhibit was filed along with the Memorandum.

evidence of Defendant's position that it is entitled to judgment as a matter of law. While it may be that Defendant can support its arguments with evidence, Defendant has not yet provide the Court with a sufficient upon which to determine that there exist no genuine issues of material fact.  Indeed, Defendant's memorandum continuously states that Plaintiffs have failed to state a cause of action, which is clearly the standard for dismissal of an action rather than the standard for entry of summary judgment.

As stated above, summary judgment is only appropriate when there are no material issues of fact. Here, issues of fact exist which go to the question at the heart of the litigation; namely, whether Defendant requested reasonable documentation for Plaintiff Laurie's request for reasonable accommodation. Summary Judgment is therefore not appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that  Defendant's Motion for Summary Judgment, [Doc. No. 47], is denied, without prejudice to refiling with the

appropriate proof of Defendant's claims.

Dated this 28th day of February, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE