UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURIE BOYER | ) |
| | ) |
| and | ) |
| | ) |
| PATRICIA SUSAN BOYER | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:11CV01173 HEA |
| | ) |
| SCOTT BROTHERS INVESTMENT | ) |
| CORPORATION, *d/b/a Waterways* | ) |
| *Apartments of Lake St. Louis,* | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 62], filed on September 18, 2013, a copy of which was served upon Plaintiffs by U. S. Mail. Plaintiffs have failed to respond to the motion. For the reasons set forth below, the motion is granted.

## Facts and Background

Plaintiffs filed the First Amended Complaint [Doc. No. 23] which alleges violations of the Fair Housing Act(42 U.S.C. § 3604 *et seq*.) in Count I, Negligence in Count II, Violation of the Covenant of Good Faith and Fair Dealing in Count III, and Breach of Contract in Count IV. Plaintiffs allege they have lived in an

apartment since January 3, 2011. Laurie Boyer requested reasonable accommodation from Defendant when application was made. Plaintiff Laurie Boyer has a service dog that was considered as a pet. The Defendant has a policy of not considering service animals as a pet for lease payment, but they were required to pay additional rents.

Plaintiffs also allege that certain tenants became disruptive by using narcotics, throwing cigarette butts at Laurie Boyer, and urinating from the deck area of the apartment above Plaintiffs. The Plaintiffs complained and the Defendant sent a notice of termination of lease to the Plaintiffs and filed an eviction proceeding against them.

On February 29, 2012 counsel for Plaintiff filed his motion for leave to Withdraw. [Doc. No. 25]. On May 7, 2012 the Court granted the Motion to Withdraw, and Plaintiffs were granted until June 12, 2012 to secure new counsel and have new counsel enter his or her appearance. On June 7, 2012 Plaintiffs were granted an additional 30 days to secure counsel.

To this date no attorney has entered an appearance on behalf of the Plaintiffs. Plaintiffs have been proceeding in a *pro se* capacity. Plaintiffs have failed to comply with the Court order requiring new counsel to enter an appearance. Plaintiffs have

not filed anything on this matter since November 16, 2012. This case was filed on July 5, 2011 and Plaintiffs have failed to engage in any discovery, abide by the orders of the court, or otherwise participate in the prosecution of their complaint.

Accordingly,

**IT IS HEREBY ORDERED,** pursuant to Rule 41(1)(b) of the Federal Rules of Civil Procedure, that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. #23], is granted and this matter is dismissed for failure to prosecute.

Dated this 21st day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE